Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
515 S. Flower Street, Suite 1800
Los Angeles, California 90071
Telephone: (213) 340-5796

Attorneys for Plaintiff
CHOUET'PRESS d/b/a BESTIMAGE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHOUET'PRESS SAS d/b/a BESTIMAGE,<br><br>   *Plaintiff*,<br><br>v.<br><br>ISABELLA KHIAR HADID p/k/a BELLA HADID,<br><br>   *Defendant*. | Case No. 2:22-cv-8967<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>*Jury Trial Demanded* |

  Plaintiff Chouet'Press SAS, doing business as BestImage, alleges as follows:

  1. This is an action for copyright infringement brought by plaintiff, the holder of the copyright to the photographs described below, against defendant for uses of plaintiff's photographs without authorization or permission.

## JURISDICTION

  2. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question), § 1338 (copyright).

## PARTIES

  3. BestImage is an entity organized and existing under the law of the country of France, with its principal place of business in Paris, France.

4. BestImage is a global premier celebrity news and photo agency that provides the world's top news outlets with real-time content from some of the world's top photographers.

5. BestImage also maintains libraries of photographs on a diverse range of subjects including celebrities in the music, sports, entertainment, and fashion industries. BestImage licenses photographs to leading magazines, newspapers, and editorial client through an arrangement with an exclusive agent.

6. But repeated, almost instantaneous acts of content piracy destroy the syndication value of the work of content creators and owners like BestImage. When content is distributed widely for free by infringers, legitimate licensors like BestImage customers will decline to license that content, or the amount they are willing to pay will be reduced. Legitimate publications to which BestImage looks to pay licensing fees are unwilling to pay for work that is already widely disseminated on the internet for free. This is especially true when, as here, celebrities distribute images of themselves to their millions of followers without authorization.

7. Defendant Isabella Khiar Hadid, professionally known as Bella Hadid, is a model, businesswoman, and entrepreneur. Her business interests include or have included modeling women's clothing, fragrance lines, make-up products, and reality television appearances.

**PERSONAL JURISDICTION AND VENUE**

8. This Court has personal jurisdiction over defendant Hadid because, on information and belief, she maintains a residence in the State of California and this judicial district and/or, on information and belief, is also doing business in the State of California and in this judicial district.

9. Venue in this judicial district is proper under 28 U.S.C. § 1400(a).

///

///

## BACKGROUND FACTS

### *The Infringed Image*

10. Plaintiff is the owner and copyright holder of a photographic image depicting Hadid in green pants, a black top, and sunglasses (the "Photograph")

11. The Photograph was registered to BestImage with the U.S. Copyright Office as Registration No. VA 2-272-214 (eff. Sept. 22, 2021) in compliance with the Copyright Act.

### *Defendant's Unauthorized Use*

12. BestImage never licensed the Photograph to defendant. Nevertheless, defendant used the Photograph without authorization or permission from plaintiff to do so.

13. Specifically, Hadid or someone acting on her behalf copied the Photograph and displayed it on Instagram, via the @bellahadid account, on June 27, 2021.

### *Defendant's Infringement Harmed BestImage*

14. The Photograph is highly creative, distinctive, and—as evidenced by Ms. Hadid's use and misappropriation of it—valuable. Because of Ms. Hadid's popularity and celebrity status, and the Photograph's quality and visual appeal, BestImage (and the photographer it represents) stood to gain licensing revenue from licensing the Photograph.

15. But Ms. Hadid's unauthorized use harm the existing and future market for the original Photograph, especially when such use occurred at or around the same time as licensed copies of the Photograph was publicized. Hadid's Instagram post made the Photographs immediately available to her over 56 million followers and others, consumers of entertainment news—and especially news and images of Hadid herself, as evidenced by their status as followers of her—who would otherwise be interested in viewing licensed versions of the Photographs in the magazines and newspapers that are BestImage customers.

16. In addition, Ms. Hadid's unauthorized use is commercial in nature. Hadid uses her Instagram feed for the purposes of promotion—specifically, to promote her own business interests, products, and ventures; to promote and sell the products and services of others; to maintain and increase her visibility and desirability as an endorser, actress, model; and to promote her persona itself, since Hadid's celebrity status and popularity is central to her ability to sell appearances in fashion shows and both television and print advertisements. In short, every one of Hadid's Instagram posts is fundamentally promoting something to her 56 million followers.

17. On information and belief, at the time that Ms. Hadid copied and distributed the Photograph, she knew that she did not have authorization or permission to do so. Ms. Hadid operates in an industry in which copyrights are prevalent and well-understood. On information and belief, Ms. Hadid has also been accused of copyright infringement of photographs on her Instagram account on previous occasions. Based on her experience, knowledge, and understanding, Ms. Hadid was aware of the importance of copyright protection and knew that he needed to have but did not have permission to use the Images, and/or he acted recklessly by posting the Images without determining the right to do so.

## CLAIM ONE
### (For Copyright Infringement)

18. BestImage realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

19. BestImage is the author and or/copyright owner of the protected Photograph named above in this Complaint.

20. Ms. Hadid reproduced, displayed, or otherwise copied the Photograph without BestImage's authorization or license.

21. The foregoing acts of Ms. Hadid infringed upon the exclusive rights granted to copyright owners under 17 U.S.C. § 106 to display, reproduce, and

distribute their works to the public. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. §§ 501 et seq.

22. BestImage has complied in all respects with 17 U.S.C. §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced work in accordance with 17 U.S.C. § 408.

23. BestImage suffered damages as a result of Ms. Hadid's unauthorized use of the Photograph.

24. Having timely registered its copyright in the Photograph, BestImage is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered before the infringements.

25. Ms. Hadid was aware of the importance of copyright protection and knew that he needed to have but did not have permission to use the Photograph, and/or she acted recklessly by posting the Photograph without determining his right to do so. Such actions will support an award of enhanced statutory damages for willful infringement under the Copyright Act, 17 U.S.C. § 504(c)(2), in the sum of up to $150,000 per infringed work.

26. In the alternative, BestImage is entitled to recover its actual damages and defendant's profits attributable to the infringement of the Photographs, under 17 U.S.C. § 504(b).

27. Within the time permitted by law, plaintiff will make its election between actual damages, and profit disgorgement, or statutory damages.

28. Plaintiff is also entitled to a discretionary award of attorney fees under 17 U.S.C. §§ 412 and 505.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff requests the following:

A. For a preliminary and permanent injunction against defendant and anyone working in concert with them from further copying, displaying, distributing, selling, or offering to sell the Photograph described in the Complaint;

B. For an order requiring defendant to account to plaintiff for their profits and any damages sustained by plaintiff arising from the acts of infringement;

C. Under 17 U.S.C. § 503, for impoundment of all copies of the Photographs used in violation of plaintiff's copyrights—including digital copies or any other means by which they could be used again by defendant without plaintiff's authorization—as well as all related records and documents;

D. For actual damages and all profits derived from the unauthorized use of plaintiff's Photograph or, where applicable and at plaintiff's election, statutory damages;

E. For an award of pre-judgment interest as allowed by law;

F. For reasonable attorney fees;

G. For court costs, expert witness fees, and all other costs authorized under law;

H. For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues permitted by law.

Dated: December 10, 2022    Respectfully submitted,

**PERKOWSKI LEGAL, PC**

By:    /s/ Peter Perkowski
Peter E. Perkowski

Attorneys for Plaintiff
CHOUET'PRESS d/b/a BESTIMAGE